UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEANETTE M. BLISS,

                                        Plaintiff,

        -v-                                          6:07-CV-982

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                             OF COUNSEL:

PETER W. ANTONOWICZ, ESQ.
Attorney for Plaintiff
148 West Dominick Street
Rome, NY 13440

OFFICE OF REGIONAL GENERAL COUNSEL     KRISTINA D. COHN, ESQ.
SOCIAL SECURITY ADMINISTRATION REGION II
Attorneys for Defendant
26 Federal Plaza Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        This matter is brought pursuant to § 205(g) of the Social Security Act, as amended,

42 U.S.C. § 405(g), to review a final determination of the Commissioner of Social Security

denying the plaintiff's claim for Social Security Disability benefits.  The parties have filed their

briefs, including the Administrative Record on Appeal, and the matter has been submitted for

decision without oral argument.

## II.  BACKGROUND

Plaintiff Jeanette M. Bliss ("plaintiff" or "Bliss") filed an application for disability benefits on May 25, 2004, claiming a period of disability beginning on September 15, 2003. Her claim was denied on December 9, 2004.  She filed a request for a hearing on January 14, 2005, and a hearing was held before an Administrative Law Judge ("ALJ") on April 11, 2006.  The ALJ rendered a decision on July 27, 2006, denying plaintiff's claim.  Plaintiff appealed, and on July 20, 2007, the Appeals Council declined further review of the ALJ's decision.  Thus, the ALJ's decision became the final decision of the Secretary.

## III.  DISCUSSION

### A.  Standard of Review

The scope of a court's review of the Commissioner's final decision is limited to determining whether decision is supported by substantial evidence and the correct legal standards were applied.  Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (citing Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).; Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)). "Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 464 (1951)).  If the

commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  Id.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. Martone, 70 F. Supp. 2d at 148 (citing Johnson, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); see Martone, 70 F. Supp. 2d at 148.  "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available.  42 U.S.C. § 405(g); Martone, 70 F. Supp. 2d at 148 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).  A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing.  Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)).  Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing."  Id. at 644.  However, where the underlying administrative decision is not supported by substantial evidence, reversal is appropriate because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits);

- 3 -

Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

### B.  Disability Determination - The Five Step Evaluation Process

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The Administrative Law Judge ("ALJ") must follow a five step evaluative process in determining whether an individual is disabled.  See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must determine whether the claimant is engaging in substantial gainful activity.  If the claimant is engaging in substantial gainful activity he is not disabled and he is not entitled to benefits.  Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged is substantial gainful employment, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment

meets or equals an impairment listed in Appendix 1 of the regulations. Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1.  If so, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant's residual functional capacity ("RFC") precludes the performance of his or her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

If the opinion of a treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record'" it is given significant weight.  Poupore, 566 F.3d at 307 (quoting 20 C.F.R. § 404.1527(d)(2)).  However, where the treating physician's opinion is not supported by medical evidence, it is not entitled to significant weight.  Id.

The burden of proof with regard to the first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and  final step.  Perez, 77 F.3d at 46.  This step requires the agency to examine whether the claimant can do any type of work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that "factors such as a claimant's age, education, and previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary."  Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy

that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council.  Perez, 77 F.3d at 44.  If review is granted, the decision of the Appeals Council is the final decision of the Commissioner.  Id.  If review is denied, then the final decision is that of the ALJ.  Id.  The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

## C. Analysis

The ALJ first determined that Bliss has not engaged in substantial gainful activity since her alleged onset date of September 15, 2003.  Next he determined that she has the severe impairments of status post bladder tumor/resection, degenerative joint disease in the cervical spine; skin lupus; fibromyalgia; Major Depression with, and later without, psychotic features; and a Relationship Disorder.  The ALJ then determined that plaintiff's impairment or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.

At the fourth step of the evaluation process, the ALJ determined that claimant has the residual functional capacity to lift/carry twenty pounds occasionally, ten pounds frequently, stand and/or walk about six hours and sit about six hours in an eight-hour work day, and can perform simple detailed and complex tasks, but cannot interact with customers and the general public and can only occasionally interact with coworkers and supervisors. He further found that she can make simple judgments and perform unskilled work.

Plaintiff's treating psychiatrist Nalin K. Sinha, M.D. completed a medical assessment on April 14, 2005, indicating a poor ability to follow work rules, relate to co-workers, deal with the public, deal with work stress, and maintain attention/concentration.  (R.

at 309.)  Dr. Sinha also indicated that Bliss only had a fair ability to use judgment, interact

with supervisors, and function independently.  Id.  Dr. Sinha assessed the plaintiff's abilities

as poor in the following additional areas: understand, remember and carry out complex job

instructions; understand, remember and carry out detailed but not complex job instructions;

behave in an emotionally stable manner; and relate predictably in social situations.  Id. at

310.  Her ability to understand, remember and carry out simple job instructions and to

demonstrate reliability were only fair.  Id.  The assessment by Teresa Decker, LCSW-R,

completed on March 30, 2005, reflected similar limitations.  Id. at 312-15.

        Bliss takes issue with the ALJ giving little weight to the assessments by Dr. Sinha

and Ms. Decker.  Although the ALJ stated that he was giving these assessments little weight,

the assessments do provide evidence to support the ALJ's determination that Bliss can

perform simple detailed and complex tasks, she cannot interact with customers and the

general public, can only occasionally interact with coworkers and supervisors, can make

simple judgments, and can perform unskilled work.  Plaintiff also contends that it was

improper to give substantial weight to the mental residual functional capacity assessment

prepared by Mark A. Tatar. Ph.D., because he did not examine Bliss but only reviewed her

medical records.  Dr. Tatar concluded that plaintiff's mental functional capacity was

significantly less impaired than Dr. Sinha and Ms. Decker had found.  He found that her

understanding and memory, sustained concentration and persistence, social interaction, and

adaptation were not significantly limited except that her ability to respond appropriately to

changes in the work setting was moderately limited.  Id. at 342-44.  His assessment seemed

to be based in large part on progress notes describing her improvement with medication and

stable mental status with treatment.  Id. at 344.  While Dr. Tatar's assessment may not be

entitled to substantial weight because he was not a treating or examining source, any such error by the ALJ is irrelevant because substantial evidence (Dr. Sinha and Ms. Decker) supports his finding as to plaintiff's mental functional capacity.

Bliss also argues that the ALJ failed to properly develop the record as to her psychiatric limitations because he did not send her for a psychological consultation even though the orthopedic consultant Michael Maselly, M.D. stated "Claimant should be evaluated by a psychologist to determine limitations associated with depression." Id. at 327. Again, because the ALJ's finding as to plaintiff's mental residual functional capacity is in keeping with the opinion of her treating psychiatrist Dr. Sinha, further development of the record in that regard was not necessary.

Next Bliss argues that the ALJ improperly discredited her statements concerning the intensity, persistence, and limiting effects of her medically determinable impairments. Plaintiff's medical records show that she was diagnosed with fibromyalgia, mild osteoarthritis, and lupus, which could cause pain.

At the hearing before the ALJ, plaintiff testified that she is unable to work due to her fibromyalgia and depression. Id. at 430. The plaintiff stated that due to her fibromyalgia she had constant pain at a level of seven on a scale of ten between her elbows and wrists on both arms. Id. at 435-36. She denied any other conditions that contributed to her disability. Id. at 430-31.

Bliss testified that she could only walk a few feet without stopping to rest because of fatigue, she could concentrate only for a half-hour, she could only stand without leaning on something for about fifteen minutes, she could only sit upright at a desk or workstation for fifteen minutes, she had a difficult time brushing her hair and teeth because it was hard to

hold her arms out, she could not work safety pins, and she avoided buttons and snaps

because she did not have sufficient strength in her hands to work them.  Id. at 439-48.

However, she also testified that she went grocery shopping (although her husband lifted

heavy items such as dog food); she could dress, bathe and groom herself; she cooked meals

twice a week; she loaded dishes into the dishwasher; and she tried to clean house.  Id. at

438-39.  She testified that she could alternate sitting and standing; bend over and pick up an

object off the floor; and could do buttons and snaps most of the time.  Id. at 440.  Her

testimony about her symptoms and limitations, and her daily activities and capabilities was

internally inconsistent.  Thus, substantial evidence supported the ALJ questioning plaintiff's

credibility as to the severity of her pain.

        In support of her argument that the medical records support plaintiff's complaints of

pain, she points to an x-ray report from February 21, 2000, that concluded she had a cervical

curvature abnormality consistent with muscle spasm, and mild degenerative

spondyloarthrosis with intervertebral disc space narrowing at C6-7 inclusive.  Id. at 231.

However, Bliss did not raise neck pain as a contributor to her disability.  She also references

the diagnosis of arthritis specialist Martin Morell, M.D. that plaintiff suffers from fibromyalgia

and mild osteoarthritis, and has tender points in her shoulders, back, legs and forearms.  Id.

at 316-19, 323.  There is nothing in Dr. Morell's office notes that indicates the severity of the

pain suffered from these conditions.  Id.  Moreover, the ALJ accepted that Bliss has the

severe impairments of post bladder tumor/resection, degenerative joint disease in the

cervical spine, skin lupus, fibromyalgia, Major Depression with (and later without) psychotic

features, and a Relationship Disorder, consistent with the medical records pointed out by

plaintiff. <u>Id</u>. at 20. Thus, plaintiff's arguments that the ALJ improperly doubted her credibility as to the severity of her pain are unfounded.

## IV. <u>CONCLUSION</u>

The ALJ's determination as to plaintiff's residual functional capacity for work is supported by substantial evidence. Further, he did not err in failing to properly develop the record. Finally, plaintiff's allegations of disabling pain were properly evaluated.

Accordingly, it is

ORDERED that

1. The Commissioner's motion for judgment on the pleadings is GRANTED; and

2. The Complaint is DISMISSED in its entirety.

The Clerk of Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 16, 2010
          Utica, New York.